UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAM B.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:20-CV-5507-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she improperly discounted medical opinions offered in conjunction with Plaintiff's worker's compensation claim. As the ALJ's error is not harmless this matter is reversed and

remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On January 23, 2017, Plaintiff filed applications for SSI and DIB, alleging disability as of July 31, 2011. *See* Dkt. 17, Administrative Record ("AR") 33. The application was denied upon initial administrative review and on reconsideration. *See* AR 33. A hearing was held before ALJ Marilyn S. Mauer on September 7, 2018. *See* AR 33. In a decision dated December 11, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 47. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 30; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly considering the medical opinion evidence; (2) improperly discounting Plaintiff's testimony; (3) failing to support her decision at step five with substantial evidence; and (4) failing to ask the vocational expert ("VE") if his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). Dkt. 25.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

DISCUSSION

**I.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff asserts the ALJ improperly considered the opinions on Plaintiff's activity prescription forms ("APF opinions") filled out by Plaintiff's doctors for Plaintiff's worker's compensation claim. Dkt. 20, pp. 4-6. Plaintiff further argues the ALJ improperly provided some weight to the state agency physicians and improperly evaluated Dr. Daniel Pratt's opinion. *Id*. at 7-9.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. <u>APF opinions</u>

Plaintiff specifically contends the ALJ did not state the weight she gave to the APF opinions. Dkt. 20, pp. 5-8. Plaintiff's doctors filled out activity prescription forms and opined to a number of different limitations. *See* AR 759-769. For example, they opined Plaintiff can never crawl or climb ladders and can only use a keyboard, his wrist, grasp, and perform fine

1  manipulation for 0-1 hour. *See*, *i.e.*, AR 762, 763. They also opined Plaintiff was limited in
2  standing, lifting, and reaching. *See generally* AR 759-769.

3        The ALJ discounted the APF opinions for three reasons: (1) they were not based on
4  objective findings; (2) instead, they were based entirely on Plaintiff's subjective complaints; and
5  (3) activity prescription forms are used to establish that maximum medical improvement has not
6  been reached, which entitles the plaintiff to medical care and time loss compensation. AR 45.

7        First, the ALJ discounted the APF opinions because none of the restrictions contained
8  therein appear "to be based on objective findings of weakness or sensory loss" and were instead
9  "entirely pain based…" AR 45. An ALJ errs by ignoring or misstating competent evidence in
10 order to justify a conclusion. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

11       Here, the ALJ is incorrect in stating that the APF opinions were entirely based on
12 Plaintiff's complaints of pain. Each entry on the APF contains a section titled "measurable
13 objective finding(s)" in which the doctors listed findings in support of their opinions. *See*
14 *generally* AR 759-769. For example, Dr. Charles Settle stated that on exam, Plaintiff had
15 "unstable ulnar nerves" and "tinnitus of ulnar nerves at elbow." AR 759, 764. Dr. Settle also
16 opined Plaintiff had "progressive tenderness over nerves[.]" AR 766, 769. Dr. Andrew Loomis
17 indicated Plaintiff's diagnosis was bilateral hand neuropathy and also opined Plaintiff had
18 percussive tenderness over nerves. AR 768. Dr. Richard Wohns opined Plaintiff had "cervical
19 pain and left cervical radiculopathy." AR 761. Accordingly, the ALJ is incorrect in stating that
20 the APF opinions were entirely based on Plaintiff's complaints of pain. Thus, the ALJ's first
21 reason for discounting the APF opinions was not specific and legitimate and supported by
22 substantial evidence.

23

24

Second, the ALJ discounted the APF opinions because they are "entirely pain based, and as noted above, on the claimant's exaggerated statement at hearing, leading me to be cautious in crediting his complaints." AR 45. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

Here, the ALJ failed to demonstrate that the APF opinions are based "to a large extent" on Plaintiff's subjective complaints. As discussed above, Drs. Settle, Wohns, and Loomis all indicated "measurable objective finding(s)" in support of their opinions. *See generally* AR 759-769. Further, the ALJ did not indicate what statement by Plaintiff she was referring to that caused her to "be cautious in crediting his complaints." AR 45; *see Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"). Accordingly, the ALJ's second reason for discounting the APF opinions is not specific and legitimate and supported by substantial evidence.

1    Third, the ALJ discounted the APF opinions because activity prescription forms are used
2 to establish that maximum medical improvement has not been reached, which entitles the
3 plaintiff to medical care and time loss compensation. AR 45. Here, the ALJ did not explain how
4 the purpose of an activity prescription form discredits the opinions contained in the forms at
5 issue. Without further explanation or citation to the record, the ALJ's reason is conclusory. *See*
6 *Blakes*, 331 F.3d at 569.

7    In the Response Brief, Defendant argues that "some of the forms only cover a short
8 period of time and others contain no stated beginning or ending date for the limitations" and that
9 "[t]here are also significant gaps in the limitations, as the forms were filled out sporadically
10 between 2011 and 2017." Dkt. 25, p. 5. Notably, the ALJ did not discuss either of these points in
11 her decision. *See* AR 45. The Court cannot "affirm the decision of an agency on a ground the
12 agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d
13 1050, 1054 (9th Cir. 2006) (internal quotation marks and citation omitted). "Long-standing
14 principles of administrative law require us to review the ALJ's decision based on the reasoning
15 and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what
16 the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219,
17 1225-26 (9th Cir. 2009) (emphasis in original) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196
18 (1947)) (other citation omitted). As such, Defendant's *post hoc* argument is without merit.

19    For the above stated reasons, the Court finds the ALJ has failed to provide specific and
20 legitimate reasons supported by substantial evidence for discounting the APF opinions.
21 Accordingly, the ALJ erred.

22    "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674
23 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the
24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ provided great weight to the APF opinions, the ALJ may have included additional limitations in the RFC. For example, the APF opinions specified Plaintiff should never perform work using his wrist, work requiring fine manipulation, or work necessitating a forceful grasp, and should never reach or work above shoulders. AR 765. By contrast, in the RFC, the ALJ limited Plaintiff to occasionally handling, fingering, and feeling objects and did not include any reaching limitations. AR 37-38. Therefore, if the APF opinions were provided great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the VE, the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal. The ALJ is directed to reassess the APF opinions on remand.

B. <u>State Agency opinions</u>

Plaintiff briefly argues the ALJ should have provided less weight to the State Agency doctors because the doctors only had a portion of the record available to them. Dkt. 20, p. 8.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 7

1  However, "because state agency review precedes ALJ review, there is always some time lapse
2  between the consultant's report and the ALJ hearing and decision. The Social Security
3  regulations impose no limit on how much time may pass between a report and the ALJ's decision
4  in reliance on it." *Chandler v. Comm' r of Soc. Sec.*, 667 F.3d 356, 361 (3rd Cir. 2011). Thus, the
5  State Agency doctors not having access to the record as a whole does not mean their opinions are
6  completely invalid. The ALJ provided some weight to these opinions and found Plaintiff was
7  more limited than the opinions outlined. *See* AR 44. Accordingly, Plaintiff's argument is without
8  merit.

   C.  Dr. Pratt

10  Dr. Pratt completed a psychological evaluation of Plaintiff on behalf of the Washington
11  State Department of Social and Health Services. AR 517-524. Dr. Pratt completed a clinical
12  interview of Plaintiff, diagnosed him with major depressive disorder and unspecified anxiety
13  disorder, performed a mental status exam ("MSE"), and opined to several mild to severe
14  limitations. AR 517-524. For example, Dr. Pratt opined Plaintiff was severely limited in
15  performing activities within a schedule, maintaining regular attendance, and being punctual
16  within customary tolerances without special supervision. AR 519. He also opined Plaintiff was
17  markedly limited in maintaining appropriate behavior in a work setting and in completing a
18  normal work day and work week without interruptions from psychologically based symptoms.
19  AR 519.

20  The ALJ discussed Dr. Pratt's opinion and provided some weight to the mild and
21  moderate limitations he opined to, but rejected the marked and severe limitations for two
22  reasons: (1) the portion of the opinion that Plaintiff was severely limited in maintaining a work
23  schedule is inconsistent with Plaintiff's "demonstrated functioning"; and (2) the portion of the

opinion that Plaintiff was markedly limited in maintaining appropriate behavior in a setting and in completing a normal work day and work week without interruptions from psychologically based symptoms is inconsistent with the MSE.[1]

The Court finds the ALJ's second reason is specific and legitimate and supported by substantial evidence. "A physician's opinion can be discredited based on contradictions between the opinion and the physician's own notes." *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). Here, the ALJ observed that Dr. Pratt found no abnormalities during the MSE of Plaintiff, mainly that Plaintiff "had normal thought process, orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment." AR 44, citing AR 520-521. Outside the MSE, Dr. Pratt did not provide sufficient support for the limitations he opined to. The only abnormal observations Dr. Pratt made of Plaintiff were periods of pressured speech, sarcasm and cynicism, and a constricted affect. AR 520. Thus, the ALJ's second reason for discounting Dr. Pratt's opinion is specific and legitimate and supported by substantial evidence.

While the ALJ provided an additional reason to discount Dr. Pratt's opinion, the Court need not consider whether this reason contained error, as any error would be harmless because the ALJ gave a specific, legitimate reason supported by substantial evidence to discount the opinion. *See* AR 44; *Presley-Carrillo v. Berryhill*, 692 F. Appx. 941, 944-945 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (noting that although an ALJ erred with regard to one reason he gave to discount a medical source, "this error was harmless because the ALJ gave a reason supported by the record" to discount the source). Accordingly, the Court finds the ALJ properly discounted Dr. Pratt's opinion.

---

[1] The ALJ also reasoned that the marked limitations contained in Dr. Pratt's opinion were speculative because it was a one-time exam. *See* AR 44. However, Defendant concedes that this is not a valid reason to discount Dr. Pratt's opinion. *See* Dkt. 25, p. 2. Accordingly, the Court declines to provide any analysis to this reason.

**II.       Whether the ALJ properly evaluated Plaintiff's testimony.**

Plaintiff asserts the ALJ improperly discounted his testimony concerning his symptoms. Dkt. 20, pp. 6-8. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and must re-evaluate the APF opinions on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

**III.      Whether the ALJ properly supported her decision at step five with substantial evidence.**

Plaintiff argues the ALJ erred by using information to discount Plaintiff's mental limitations that occurred "mostly in late 2017 and early 2018, well after the date last insured" and also erred at step five because the Appeals Council refused to review a second VE's opinion regarding Plaintiff's vocational abilities. Dkt. 20, pp. 8-12. The Court has found the ALJ committed harmful error and has directed the ALJ to reassess the APF opinions on remand. *See* Section I, *supra*. Accordingly, the ALJ shall reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC, the ALJ is directed to re-evaluate step five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings). The Court further directs the ALJ to use a different VE in the step-five re-evaluation.

**IV. Whether the ALJ complied with SSR 00-4p by asking the VE if the testimony was consistent with the DOT.**

Plaintiff argues the ALJ failed to ask the VE if the VE's testimony was consistent with the DOT. Dkt. 20, pp. 12-14. Defendant argues the complied with SSR 00-4p because she asked the VE to let her know if "[at] any time today [his] testimony [was] inconsistent with the Dictionary of Occupational Titles." Dkt. 25, p. 12. Because the Court has found the ALJ erred by improperly discounting the APF opinions and this case is being remanded for further proceedings, the Court declines to address this argument and directs the ALJ to hold a new hearing and comply with the requirements of SSR 00-4p.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 19th day of February, 2021.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 11